UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT WEGMAN,

                Plaintiff,

v.

**Hon. Hugh B. Scott**

03CV234S

**Order**

JOHN GRIMMKE, et al.,

                Defendants.

Before the Court is plaintiff's (an inmate proceeding pro se) motion to compel production from defendants Grimmke and Eaton (hereinafter collectively "Defendants") (Docket No. 170, May 27, 2005, filed, May 31, 2005). This case has been referred to the undersigned by the Honorable William M. Skretny pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket No. 21.)

BACKGROUND

*Facts as Alleged in the Complaint*

This is a civil rights and supplemental state tort action (see Docket Nos. 1 (Compl.), 95 (Am. Compl.)). In his Complaint, plaintiff alleges several counts against various individual, corporate and governmental entities arising from his arrest and detention from an assault in Campbell, Steuben County, New York, on May 13, 2000. Plaintiff was injured during that incident and was arrested by New York State Police and taken to Robert Packer Hospital in Sayre, Pennsylvania, just below the state line in Bradford County. Plaintiff alleges that defendant Senior New York State Police Inspector John Grimmke ordered that a state police officer accompany plaintiff to the hospital (Docket No. 95, Am. Compl. ¶ 33). There, doctors

recommended surgery for plaintiff's injuries. Plaintiff alleges that defendant officers (including defendant Senior New York State Police Inspector Curt Eaton, Docket No. 95, Am. Compl. ¶ 39) instructed medical personnel to release him from the Robert Packer Hospital before he was treated, in violation of his Fourth, Fifth, and Fourteenth Amendment rights. Many of the defendants, New York and Pennsylvania State Police and local police officers, removed plaintiff to the Bradford County, Pennsylvania, jail. Plaintiff still was denied surgery on his face, as well as setting a cast on his hand. Plaintiff claims that defendants allegedly withheld treatment unless he agreed to extradition to New York. Plaintiff eventually was extradited to New York and was placed in the Steuben County Jail on May 25, 2000. Unrelated to the present motion, plaintiff alleges further deprivations by the Steuben County and New York State Department of Correctional Services authorities and personnel during his subsequent confinement.

*Proceedings*

Plaintiff moved to amend the Complaint (Docket No. 65), which was granted (Docket No. 94, see Docket No. 95, Am. Compl.), while various defendants moved either to dismiss or for summary judgment dismissing that pleading (Docket Nos. 97, 100, 103, 107, 111). This Court, on March 9, 2005, granted the motions of the moving defendants, mostly Pennsylvania parties, and terminated the case as to them for lack of personal jurisdiction in this Court (Docket No. 163, Order at 8-12, 12-13)[1].

Plaintiff moved for a subpoena duces tecum to be served upon the Commissioner of the Pennsylvania State Police to identify defendant John Doe two, the uniformed officer who was

---

[1] Plaintiff has filed a motion for relief from this Order, Docket No. 164, which is pending before Judge Skretny.

guarding plaintiff on May 15, 2000, since the Pennsylvania State Police required a subpoena to respond to plaintiff's freedom of information request to identify that officer. (Docket No. 158.) This Court denied the portion of this motion seeking a subpoena (better addressed to the United States District Court for the Middle District of Pennsylvania, where the subjects were located) and declined to address plaintiff's request for additional time to serve the yet-to-be identified defendant John Doe two (Docket No. 168).

*Present Motion*

Plaintiff now moves to compel production from defendants Grimmke and Eaton (Docket No. 170). This Court scheduled responses by June 30, 2005, and a reply, if any, by July 8, 2005, with the motion to be then deemed submitted as of the latter date (Docket No. 171). Defendants outline the responses they made to plaintiff's demands (Docket No. 176). They had to obtain sought materials and interview Defendants at the New York State Police Headquarters in Albany, state police barracks at Painted Post and archival office in Canandaigua (id. Defs. Atty. Decl. ¶ 3). They were awaiting photographs plaintiff sought to be found in State Police archives (id.). Plaintiff replied that the photographs should be produced at once (Docket No. 177, Pl. Reply Affirm., July 8, 2005). Meanwhile, Defendants wrote to the Court and reported that they served copies of the sought photographs, once they retrieved them from the State Police archives, on July 6, 2005, crossing in the mail with plaintiff's reply (Docket No. 179, defense counsel's letter of July 12, 2005, to chambers). Defendants now argue that they fully responded to plaintiff's discovery demands and his motion to compel is moot (id.).

DISCUSSION

I.     Plaintiff's Motion to Compel

Plaintiff seeks defendants to produce certain documents. Defendants have produced responsive documents which they retrieved from various record sites within New York State. Plaintiff replies that this production was well beyond the thirty days called for in his notice and the Federal Rules of Civil Procedure, in fact taking eight months to respond partially (Docket No. 177, Pl. Reply Affirm. ¶ 2). The only prejudice plaintiff asserts is the fact that the photographs taken after his arrest were not produced (id. ¶¶ 3, 4); but, according to Defendants' counsel, copies of those photographs were produced to plaintiff on July 6 (Docket No. 179, counsel's letter of July 12, 2005). He does not assert how he was prejudiced by the over eight months delay in their production. Therefore, plaintiff's motion to compel is **moot**.

II.    Sanctions for Plaintiff's Motion

If a motion to compel is granted or if a party (like defendants here) provides disclosure after a motion to compel is filed, the court "shall" require the opposing party (and/or counsel advising that party) to pay to plaintiff his reasonable motion expenses. Fed. R. Civ. P. 37(a)(4)(A)[2]. If a party prevails in part, the Court may, after affording an opportunity to be heard, apportion the reasonable expenses incurred. Id. R. 37(a)(4)(C); see Advisory Comm. Notes Rule 37(a) (1993) (paragraph 4 revised "to make clear that the court can consider such questions on written submissions as well as on oral hearings"); Paladin Assocs. v. Montana

---

[2]On the other hand, if a movant does not prevail at all, sanctions are not available and the Court must impose sanctions upon the movant for the opposing party's reasonable motion expenses unless the Court finds that motion was substantially justified or other circumstances makes an award of expenses unjust, id. R. 37(a)(4)(B).

Power Co., 328 F.3d 1145, 1164-65 (9th Cir. 2003) (in upholding discovery sanction imposed, opportunity to brief issue of sanctions held to suffice as opportunity to be heard).

Here, plaintiff is proceeding pro se and in forma pauperis (see Docket No. 3), as such any fees he would have incurred in pursuing this litigation are waived (or at least deferred if he prevails), 28 U.S.C. § 1915.  He is not entitled to recover attorney's fees for this motion.  See Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1375-76 (Fed. Cir. 2002) (attorney proceeding pro se cannot recover his attorney's fees); Milton v. Buffalo Eng'g, P.C., No. 03CV472, Docket No. 56, Order of Dec. 6, 2004, at 6 (W.D.N.Y.) (Scott, Mag. J.).  What motion expenses he could recover for this motion would be his out of pocket expenses (such as postage or duplication) not otherwise covered by his correctional facility.

Defendants, however, establish a substantial justification for the timing of their production.  They explained the delay in responding to plaintiff's demands was due to retrieving documents from several different sites within the New York State Police Department, as well as interviewing defendants (one retired, the other at the Painted Post state police barracks, Docket No. 176, Defs. Atty. Decl. ¶ 3).  They also explained that other documents were being retrieved (Docket No. 176, Defs. Atty. Decl. ¶ 3), see Rhein Medical, Inc. v. Koehler, 889 F. Supp. 1511, 1514, 1518 (M.D. Fla.) (Jenkins, Mag. J.) (Report & Recommendation), adopted, 889 F. Supp. 1511 (M.D. Fla. 1995), or were eventually found and furnished to plaintiff (Docket No. 179).  There is no showing of willful withholding of evidence or refusal to cooperate in discovery that would warrant sanction.

CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 170) is deemed **moot** and the Court finds that defendants Grimmke and Eaton established substantial justification to make the award of plaintiff's motion expenses unjust; sanction for this motion are hereby **denied**.

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
   July 21, 2005