UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT L. WEGMAN,

                Plaintiff,

v.                               **DECISION AND ORDER**
                                      03-CV-234S

JOHN GRIMMKE, et al.,

                Defendants.

      1.      In this action, *pro se* Plaintiff Robert Wegman alleges that Defendants, various municipal and private entities, police officers, corrections officers and medical personnel, violated his Fourth, Fifth and Fourteenth Amendment rights. Plaintiff alleges, *inter alia*, that Defendants acted with deliberate indifference to his medical needs and unlawfully detained him. He seeks relief pursuant to 42 U.S.C. §§ 1983 and 1985, and various supplemental state laws.

      2.      Plaintiff commenced this action on March 26, 2003, by filing a Complaint in the United States District Court for the Western District of New York. On May 28, 2004, Plaintiff filed an Amended Complaint identifying certain John Doe defendants and substituting certain Defendants named in the original Complaint. On July 15, 2004, Defendants Reynolds and Guinane[1] filed a Motion to Dismiss the Amended Complaint, or in the alternative, for Summary Judgment. On July 26, 2004, Defendants Bradford County, Brown and DeLauro filed a Motion to Dismiss the Amended Complaint. Thereafter, on August 2, 2004, Defendants Bradley, Gillott, Homan and Robert Packer Hospital filed a Motion to Dismiss the Amended Complaint. Finally, Defendant Noone filed a Motion to Dismiss on August 16, 2004. Because all of these moving Defendants are residents of or

---

[1]     Defendant Guinane was identified as John Doe Three in the Amended Complaint.

corporations within the State of Pennsylvania, this Court refers to them collectively as the "Pennsylvania Defendants" or the "moving Defendants."

3. On March 10, 2005, this Court entered a Decision and Order granting Defendants Reynolds and Guinane's Motion to Dismiss, Defendants Bradford County, Brown and DeLauro's Motion to Dismiss, Defendants Bradley, Gillott, Homan and Robert Packer Hospital's Motion to Dismiss, and Defendant Noone's Motion to Dismiss based on lack of personal jurisdiction. Construing Plaintiff's allegations liberally, this Court determined that Pennsylvania was the situs of the injuries allegedly caused by the moving Defendants. Relative to these Defendants, this Court found that Plaintiff failed to allege a New York injury, or a "factual predicate sufficient to authorize jurisdiction" over them under N.Y. C.P.L.R. § 302(a). Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 209 (2d Cir. 2001). As such, this Court concluded that it could not lawfully exercise personal jurisdiction over the Pennsylvania Defendants under New York's long-arm statute.

Even assuming that personal jurisdiction over these Defendants was permitted under New York's long arm statute, this Court found that Plaintiff failed to make the requisite showing of "some act by which the defendant[s] purposely avail[ed] [themselves] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) (internal citations omitted). Accordingly, this Court concluded that the Pennsylvania Defendants lacked the "minimum contacts" with New York State to justify the exercise of personal jurisdiction over them. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). That being the case, this Court directed the Clerk of the Court to terminate Defendants Canfield, Fowler, Hopkins, Reynolds, Guinane (John Doe Three), Bradford County, Brown, DeLauro, Homan, Robert Packer Hospital, Gillott, Bradley and Noone as parties to this action.

4.      On March 21, 2005, Plaintiff filed a Motion for Relief from this Court's March 10, 2005 Decision and Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to the extent it concluded that this Court had no jurisdiction over Defendants Bradley, Gillott, Homan and Robert Packer Hospital.[2]  Specifically, Plaintiff contends that Defendants' conduct in "taking over the care, treatment and transport of plaintiff . . . in Corning, New York State . . . [and] by-pass[ing] many capable and experienced New York Hospitals and [taking him] to their Hospital in Sayre[,] Pennsylvania[,]" justifies the exercise of personal jurisdiction over these particular Defendants under N.Y. C.P.L.R. § 302(a).  For the following reasons, Plaintiff's Motion for Relief is denied.

5.      Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a **final judgment, order, or proceeding** for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b)(emphasis added).

By its clear language, Rule 60(b) provides relief from final orders only, and does not apply to orders that are interlocutory in nature. Fennell v. TLB Kent Co., 865 F.2d 498, 501 (2d Cir. 1989); Indemnity Ins. Co. of N. Am. v. Reisley, 153 F.2d 296, 299 (2d Cir. 1946); Remington Prods., Inc. v. N. Am. Philips, Corp., 755 F. Supp. 52, 54 (D. Conn. 1991). "[I]nterlocutory judgments are not brought within the restrictions of [Rule 60], but rather they

---

[2] In support of his Motion for Relief, Plaintiff filed an Affirmation with exhibits and a Reply Affirmation.  Defendants Bradley, Gillott, Homan and Robert Packer Hospital filed an Attorney Affirmation and a Memorandum of Law with an exhibit in opposition to the Motion.

are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." FED. R. CIV. P. 60(b) advisory committee's note; <u>Velco Chems., Inc. v. Oltchim, S.A.</u>, No. 99 CIV. 11794(LMM), 2002 WL 15645, at *2 (S.D.N.Y. Jan. 4, 2002).

      6.     The law is clear that "[a]n order that adjudicates fewer than all of the claims remaining in [an] action or adjudicates the rights and liabilities of fewer than all of the parties is not a final order." <u>Chapple v. Levinsky</u>, 961 F.2d 372, 374 (2d Cir. 1992); <u>see also</u> <u>Phelps v. Kapnolas</u>, 123 F.3d 91, 93 (2d Cir. 1997) (holding that the district court's order dismissing a *pro se* plaintiff's Section 1983 complaint against all but one of the original defendants was not a final order). As this Court's March 10, 2005 Decision and Order dismissed only a few of the numerous Defendants named in this case, it is not a final order from which Plaintiff may be relieved under Rule 60(b). However, because Plaintiff is proceeding *pro se* in this case, this Court construes his motion as one for reconsideration, which is the appropriate procedural mechanism for the relief he seeks.

      7.     The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Traditionally, courts treat such motions under the scope of Rule 59(e), which provides for alteration or amendment of a judgment as long as such motion is filed no later than ten days from the entry of the judgment. <u>See</u>, e.g., <u>Cray v. Nationwide Mut. Ins. Co.</u>, 192 F. Supp. 2d 37, 38 n.1 (W.D.N.Y. 2001). Generally, Rule 59(e) permits reconsideration of a prior decision when there has been an intervening change in the law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice. <u>See</u> <u>Patterson-Stevens, Inc. v. Int'l Union of Operating Eng'rs</u>, 164 F.R.D. 4, 6 (W.D.N.Y. 1995); <u>Cray</u>, 192 F. Supp. 2d at 39 (collecting cases applying Rule 59(e)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have

been raised prior to the decision. <u>Duane v. Spaulding & Rogers Mfg. Inc.</u>, No. 92-CV-305, 1994 WL 494651, at *1 (N.D.N.Y. Aug. 10, 1994). It is well settled that the decision to grant a Rule 59(e) motion is within the sound discretion of the court. <u>See</u> <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983); <u>see</u> <u>also</u> <u>New York v. Holiday Inns, Inc.</u>, No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993) (Skretny, J.).

      8.      In the present case, Plaintiff has failed to draw this Court's attention to an intervening change in law, new evidence, or the existence of clear error or manifest injustice. Moreover, Plaintiff has not presented any arguments which alter this Court's conclusion that there is no sufficient factual predicate to authorize personal jurisdiction over Defendants Bradley, Gillott, Homan, and Robert Packer Hospital under N.Y. C.P.L.R. § 302(a). <u>Whitaker</u>, 261 F.3d at 209. Accordingly, Plaintiff's Motion for Reconsideration is denied.

IT HEREBY IS ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 164) is DENIED.

SO ORDERED.

Dated:      January 24, 2006
                Buffalo, New York

                                                /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                  United States District Judge